UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MICHELLE GALLAGHER,
individually and on behalf of all others
similarly situated,

             22-CV-614 (JLS)

        Plaintiff,

  v.

LACTALIS AMERICAN GROUP, INC.,

        Defendant.

## DECISION AND ORDER

    Defendant Lactalis American Group, Inc. makes and sells "Feta Crumbles" under the brand name "President." Plaintiff Michelle Gallagher claims that Defendant's business practices with respect to the sale of Feta Crumbles are deceptive. She commenced this action alleging deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* and, on behalf of a Consumer Fraud Multi-State Class, the consumer fraud acts of various other states. She also sets forth claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. Before the Court is Defendant's motion to dismiss (Dkt. 6). For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff, a resident of Florida, alleges that she purchased President brand Feta Crumbles "on one or more occasions" at "stores including BJ's Wholesale Club." Dkt. 1 ¶¶ 37, 42. She claims that she bought the product "because she expected it was made in Greece." *Id.* ¶ 43. According to Plaintiff, the "labeling" of the product "gives consumers the impression" that the product "was made in Greece, or at the very least in another European Country." *Id.* ¶ 3. She alleges that "representations" on the "front label" include the statement "Europe's Leading Cheese Expert," a depiction of a "gold olive branch wreath," and the word "feta" stylized in "ancient-Greek font." *Id.* ¶ 2. She claims that these "representations are misleading" because the product "was not made in Greece or Europe but in the United States." *Id.* ¶ 18. Plaintiff supposedly "would not have purchased" the product "if she knew the representations were false and misleading." *Id.* ¶ 46.

The Complaint includes pictures of what Plaintiff purports to be the product's packaging, which reveals that nowhere does the packaging indicate that the product was made in Greece or anywhere in Europe. *See id.* ¶¶ 12, 19. Rather, the back label states that the product was "created by a family of artisan cheesemakers with over 80 years of French heritage" and distributed in "Buffalo, NY." *Id.* ¶ 19.

Defendant moved to dismiss, arguing that Plaintiff has not stated a consumer protection claim "even within the four corners of her Complaint" given that the "packaging undisputedly *does not* contain the word Greece, a Greek flag, or a single

word in Greek." Dkt. 6-1 at 1 (emphasis in original).[1] According to Defendant, Plaintiff's "claims and alleged beliefs are not those of a consumer acting reasonably." *Id.* at 15. Defendant also argues that each of Plaintiff's remaining claims is legally defective. *Id.* at 21-25.

## STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741

---

[1] Unless otherwise noted, page references refer to numbering generated by CM/ECF in the header of each page.

(2d Cir. 2013) (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).

## DISCUSSION

### I. PLAINTIFF'S CONSUMER PROTECTION CLAIMS

Plaintiff asserts claims under the FDUTPA and the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class" based on the allegedly deceptive nature of Feta Crumbles packaging. *See* Dkt. 1 ¶¶ 56-65. These claims are dismissed.

**A. FDUTPA Claims**

The "FDUTPA prohibits '[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . .'" *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1242 (S.D. Fla. 2021) (quoting Fla. Stat. § 501.204(1)). To state a claim, "the plaintiff must allege: '(1) a deceptive act or unfair practice, (2) causation; [*sic*] and (3) actual damages.'" *Id.* (quoting *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016)).

Under the "FDUTPA, 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Id.* (quoting *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)). This "standard requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying consumer." *Id.* (citation omitted). Actual reliance "is not required." *Id.* Rather, "an objective test is used to determine whether the alleged practice was

4

likely to deceive a consumer acting reasonably in the same circumstances." *Id.* (citation omitted).

Here, Plaintiff fails to allege that a reasonable consumer would be deceived by Feta Crumbles' packaging as to the product's country of origin. According to Plaintiff, the product's labeling "gives consumers the impression" that it "was made in Greece, or at the very least in another European Country." Dkt. 1 ¶ 3. But she does not allege facts demonstrating that such a belief is objectively reasonable. She alleges that "representations" on the "front label" include the statement "Europe's Leading Cheese Expert," a depiction of a "gold olive branch wreath," and the word "feta" stylized in "ancient-Greek font." *Id.* ¶ 2. These allegations are insufficient to state a claim under the "reasonable consumer" standard.

In *Hardy v. Ole Mexican Foods, Inc.*, 616 F. Supp. 3d 247 (W.D.N.Y. 2022), *aff'd*, No. 22-1805, 2023 WL 3577867 (2d Cir. May 22, 2023), this Court considered a consumer protection claim against a manufacturer of tortillas premised on the allegedly misleading nature of the product's packaging, which displayed a "Mexican flag, the phrase 'A Taste of Mexico!', the brand name 'La Banderita,' and the word 'Authentic.'" *Hardy*, 616 F. Supp. 3d at 249. These representations allegedly caused the plaintiff to believe erroneously that the tortillas were made in Mexico. *See id.* This Court dismissed the claim, reasoning that "no reasonable consumer would view the representations relied upon by Plaintiff and automatically conclude the tortillas were manufactured in Mexico when the representations say nothing

5

about the country of origin and the disclaimer on the back of the packaging expressly states where the tortillas are made." *Id.* at 251.

The same conclusion is true here. Indeed, no reasonable consumer would view the statement, image, and font on the Feta Crumbles packaging and automatically conclude that the product was made in Greece when the packaging states that the product is distributed in "Buffalo, NY" and references "French heritage"—but nowhere states that the product was made in Greece. *See* Dkt. 1 ¶ 19.

This conclusion finds support in numerous cases where courts applied the "reasonable consumer" standard to consumer protection claims in a similar context. *See, e.g., Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 973 (D. Haw. 2019) (concluding that Hawaiian branded snacks depicting images of hula dancers, canoes, beaches, palm trees, and volcanoes would not mislead reasonable consumers into believing they were manufactured in Hawaii because "merely referencing or evoking the spirit" of Hawaii "is insufficient to confuse a reasonable consumer about the origin" of the product); *Dumas v. Diageo PLC*, No. 15CV1681 BTM(BLM), 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016) (concluding that that Jamican-style Red Stripe lager, which was manufactured in Pennsylvania, would not mislead reasonable consumers because the "mere fact that the word 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin and ingredients of the beer"); *Culver v. Unilever United States, Inc.*, No. CV 19-9263-GW-RAOX, 2021 WL

2943937, at *9 (C.D. Cal. June 14, 2021), *appeal dismissed*, No. 21-55732, 2021 WL 6424469 (9th Cir. Dec. 29, 2021) (dismissing claim where label on mustard product included the phrases "Paris," "Maille" and "Depuis 1747" but did "not state that the mustards were made in France or were even imported").

In sum, while a discerning shopper may associate feta cheese with Greek tradition, it is unreasonable to conclude that reasonable consumers would expect that a mass-produced cheese product was made in Greece based on little more than a font style, and in the absence of any statement that the product was made in Greece. Plaintiff's consumer protection claim under Florida law is dismissed.

### B. Non-Florida Consumer Protection Statues

Plaintiff also asserts violations of the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class." Dkt. 1 ¶¶ 62-65. She does not identify the statutes under which she purports to bring such claims. *See generally id.* And Defendant does specifically address these claims in its motion to dismiss. *See generally* Dkt. 6-1.

Nevertheless, Plaintiff lacks Article III standing to assert claims under non-Florida consumer protection statutes. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines") (internal citation omitted).

To establish standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

7

likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In "the class action context, the 'individual injury requirement is not met by alleging that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [he] purport[s] to represent.'" *Inouye v. Adidas Am., Inc.*, No. 8:22-CV-416-VMC-TGW, 2023 WL 2351654, at *5 (M.D. Fla. Mar. 3, 2023) (quoting *Griffin v. Duggar*, 823 F.2d 1476, 1483 (11th Cir. 1987)). As such, courts "have found Article III standing lacking where, at the motion to dismiss stage, a plaintiff brings claims under various state statutes on behalf of unnamed, putative plaintiffs." *Inouye*, No. 8:22-CV-416-VMC-TGW, 2023 WL 2351654, at *5.

Here, Plaintiff is the only named plaintiff. And because she neither resides in, nor alleges that she purchased Feta Crumbles within, Alabama, Georgia, South Carolina, Tennessee, or Utah, she lacks standing to assert claims under the consumer protection statutes of those states. *See Valiente v. Unilever U.S.*, No. 22-21507-CIV-LENARD/Louis, 2022 WL 18587887, at *8–9 (S.D. Fla. Dec. 8, 2022) (concluding that a plaintiff who brought a cause of action for violation of state consumer fraud acts, on behalf of the consumer fraud multi-state class, "lacks Article III standing to assert claims under non-Florida consumer protection statutes"); *Inouye*, No. 8:22-CV-416-VMC-TGW, 2023 WL 2351654, at *6 (dismissing consumer protection claims based on the law of states in which the plaintiff does not reside because the plaintiff "does not have standing to assert claims on behalf of future, hypothetical plaintiffs").

Further, Plaintiff's claims for violations of "State Consumer Fraud Acts" also fail for the same reasons they fail under Florida law. Courts "have previously surveyed consumer protection statutes from states across the country and have found that the critical issue is whether a reasonable consumer would be misled by a defendant's statement." *Van Orden v. Hikari Sales U.S.A., Inc.*, No. 122CV504MADDJS, 2023 WL 5336813, at *6 (N.D.N.Y. Aug. 18, 2023) (internal citation and alternations omitted). Here, Plaintiff provides no argument distinguishing her supposed Alabama, Georgia, South Carolina, Tennessee, and Utah claims from those related to Florida. Accordingly, because the product's labeling would not deceive a reasonable consumer, Plaintiff's multi-state class claims are dismissed.

## II. PLAINTIFF'S REMAINING CLAIMS

In addition to her consumer protection claims, Plaintiff asserts claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment based on the allegedly deceptive nature of the Feta Crumbles packaging. *See* Dkt. 1 ¶¶ 66-92. These claims are also dismissed.

### A. Warranty Claims

Plaintiff asserts claims for (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; and (4) breach of the federal Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq. See* Dkt. 1 at 9. These claims rely on identical allegations, *i.e.,* that Defendant manufactured, labeled, and sold Feta

9

Crumbles in a manner that "expressly and impliedly warranted to Plaintiff and class members that it was made in Greece, or at the very least in another European country." *See id.* ¶ 66. The Complaint alleges that Defendant had a duty—based on its "outsized role in the market" for this type of product and reputation as a "trusted company known for its authentic, high-quality cheese" that is "honestly marketed to consumers"—to "disclose and/or provide non-deceptive descriptions and marketing" of the product. *Id.* ¶¶ 73-74.

1. Express Warranty

To "state a claim for breach of express warranty under Florida law, a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Felice v. Invicta Watch Co. of Am., Inc.*, No. 16-CV-62772-RLR, 2017 WL 3336715, at *5 (S.D. Fla. Aug. 4, 2017) (internal citation omitted). Here, because Plaintiff's express warranty claim is premised on the allegedly false or misleading nature of Feta Crumbles packaging, the claim is dismissed for the reasons discussed in Section I(A) above. *See Meyer v. Colavita USA Inc.*, No. 10-61781-CIV, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (concluding that plaintiffs' "breach of express warranty claims fail for the same reasons that their FDUTPA claims fail," *i.e.*, that plaintiffs did not "allege facts demonstrating any deceptive acts or unfair trade practices occurring in Florida").

10

In addition, Plaintiff's express warranty claims fail because she has not alleged notice. Under Florida law, a "buyer must 'notify the seller of breach' 'within a reasonable time after he . . . discovers or should have discovered [the] breach ... or be barred from any remedy.'" *Doherty v. Infuserve Am., Inc.*, No. 8:21-CV-0454-KKM-AEP, 2022 WL 3043034, at *3 (M.D. Fla. Aug. 2, 2022) (quoting Fla. Stat. § 672.607(3)(a)). Here, Plaintiff alleges that that she "provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees" and that she "provides notice to Defendant that it breached the express and implied warranties associated with" the product. Dkt. ¶¶ 76, 77. And in response to Defendant's motion, Plaintiff purports that she provided notice "by filing this action." Dkt. 8 at 23. Plaintiff fails, however, to set forth any allegation of *pre-suit* notice. Her express warranty claim is therefore dismissed. *See Valiente*, No. 22-21507-CIV, 2022 WL 18587887, at *17 (rejecting almost verbatim pleading of notice because "Plaintiff failed to allege that she gave Defendant pre-suit notice of the breach").

2. Implied Warranty

Florida law "requires privity of contract to sustain a breach of implied warranty claim." *Id.* at *14 (quoting *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1321 (S.D. Fla. 2009)). And Florida courts routinely dismiss breach of implied warranty claims for lack of contractual privity "where the plaintiff purchaser did not purchase a product directly from the defendant." *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1109 (S.D. Fla. 2019).

Here, Plaintiff purports that she purchased the product at various "stores including BJ's Wholesale Club." Dkt. 1 ¶¶ 37, 42. But she does not allege that she purchased Feta Crumbles directly from Defendant. Thus, she lacks contractual privity with Defendant. Her implied warranty claim fails as a result. *See Cardenas*, 418 F. Supp. 3d at 1109 (dismissing implied warranty claim for lack of privity where the plaintiff "did not purchase his new 2014 Camry directly from any of the Toyota Defendants" but, instead, purchased his vehicle from an "authorized Dealer of Toyota vehicles").[2]

3. MMWA

Lastly, to the extent Plaintiff asserts a claim under the MMWA, *see* Dkt. 1 at 9, that claim is dismissed because Plaintiff has not adequately pleaded a cause of action for breach of warranty under state law. *See Valiente*, No. 22-21507-CIV, 2022 WL 18587887, at *18 ("Failure to state a claim for breach of implied or express warranty under state law requires dismissal of the corresponding MMWA claim"); *Hunter v. Marlow Yachts, Ltd., Inc.*, No. 8:09-CV-1772-T-TBM, 2011 WL 3794674, at *7 (M.D. Fla. Aug. 26, 2011) (observing that a claim under the MMWA "is directly dependant [*sic*] upon a sustainable state law claim for breach of warranty"

---

[2] The Court rejects Plaintiff's argument that a "third party beneficiary exception" applies here. *See* Dkt. 8 at 23. Under "Florida law, there is no third-party beneficiary exception to the privity requirement for breach of implied warranty claims." *Valiente*, No. 22-21507-CIV, 2022 WL 18587887, at *14. *See also Cardenas*, 418 F. Supp. 3d at 1109 ("consistent with the overwhelming weight of Florida law, this Court has repeatedly ruled that to establish the contractual privity required to state a breach of implied warranty claim, a plaintiff must purchase the product at issue directly from the defendant").

12

and, therefore, "if there exists no actionable warranty claim, there can be no violation of the Magnuson–Moss Act") (internal citation an alterations omitted).³

### B. Negligent Misrepresentation and Fraud

Plaintiff also asserts claims for negligent misrepresentation and fraud. To establish negligent misrepresentation under Florida law, "a party is required to prove: (1) a misrepresentation of material fact that the defendant believed to be true but which was in fact false; (2) that defendant should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation." *Kurimski*, 570 F. Supp. 3d at 1250 (internal citation omitted). The "elements of common-law fraud" under Florida law "are (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *Gustin v. Bank*, 859 Fed. Appx. 889, 891 (11th Cir. 2021) (quoting *Epoch Int'l Partners, LLP v. Bigfoot Inc.*, 587 F. Supp. 3d 1214, 1220 (S.D. Fla. 2022)). Thus, as to "both claims, [plaintiff must] plausibly allege [that defendant] intended to induce reliance on a false representation."

---

³ Because Plaintiff's MMWA claims fail for this reason, the Court need not address the argument that Plaintiff has not met the threshold number of plaintiffs. *See* Dkt. 6-1 at 23.

13

*Cummings v. Growers*, No. 1:22-CV-141-AW-HTC, 2023 WL 3487005, at *6 (N.D. Fla. May 15, 2023).[4]

Here, Plaintiff fails to allege deceptive intent. She alleges that Defendant's "fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." Dkt. 1 ¶ 91. But it is "not enough to allege only that [Defendant] had knowledge of falsity." *Cummings*, 2023 WL 3487005, at *6. These claims are dismissed. *See id.* (dismissing fraud and negligent misrepresentation claims where, "[e]ven if Blue Diamond knew that its almonds were not smoked in a smokehouse—as it surely did—this does not automatically suggest it intended to induce reliance or deceive").

### C. Unjust Enrichment

Lastly, Plaintiff's claim for unjust enrichment is dismissed. The "elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value

---

[4] In addition, Plaintiff's fraud and negligent misrepresentation claims must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017) ("the Federal Rules of Civil Procedure require a plaintiff to 'state with particularity the circumstances constituting fraud or mistake'") (quoting Fed. R. Civ. P. 9(b)); *Coleman v. Burger King Corp.*, No. 22-CV-20925, 2023 WL 5507730, at *9 (S.D. Fla. Aug. 25, 2023) (Claims "for negligent misrepresentation must be pled to meet the particularity standard required by Rule 9(b) for fraud claims because, in Florida, negligent misrepresentation sounds in fraud") (internal citation omitted).

thereof to the plaintiff." *Valiente*, No. 22-21507-CIV, 2022 WL 18587887, at *21 (citation omitted).

Here, under the "unjust enrichment" heading in the Complaint, Plaintiff sets forth a single sentence stating that "Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." Dkt. 1 ¶ 92. This naked assertion fails to satisfy Rule 8 of the Federal Rules of Civil Procedure, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff "apparently wants Defendant and the Court to parse through the Complaint's factual allegations, determine which ones are relevant to the unjust enrichment claim, and then decide whether those facts plausibly allege the elements of unjust enrichment under Florida law. The Court will not oblige." *Valiente*, No. 22-21507-CIV, 2022 WL 18587887, at *22 (dismissing unjust enrichment claim premised on verbatim allegation).

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (Dkt. 6) is GRANTED.[5]  The Clerk of Court shall close this case.

SO ORDERED.

Dated:   September 21, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] In her opposition brief, Plaintiff requested, in the alternative, that the Court grant leave to file an Amended Complaint. Dkt. 8 at 26. That request is denied because amendment would be futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend") (internal citation omitted); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result).